UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA YOUNG,

    Plaintiff,

vs.

TERRANCE ANDERSON, and
FORD MOTOR COMPANY,

    Defendants.

_____/

Case No. 08-14621

HON. AVERN COHN

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
## GRANTING FORD MOTOR COMPANY'S MOTION FOR JUDGMENT
## AND DISMISSING CASE[1]

I. Introduction

This is an action brought in order to determine the proper beneficiary of a lifetime retirement benefit (benefit) issued to plaintiff Sherita Young's (Young) deceased father, Marlon K. Young (decedent), as part of his employment with defendant Ford Motor Company (Ford). The decedent's brother, defendant Terrance Anderson (Anderson), is the designated beneficiary. Young claims that Anderson exerted undue influence in obtaining the designation and that she is the proper beneficiary. Young's complaint makes the following claims against Ford and Anderson: Count I - determination of a

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

proper beneficiary, and Count II - constructive trust.  Plaintiff says her claims arise under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et, seq, citing 29 U.S.C. § 1132(a).  As will be explained, Young has a state court order which directs that the benefit, and other assets of the decedent's estate, be held in constructive trust by Anderson for her benefit.

Before the Court is Young's motion for summary judgment against Ford in which she seeks a judgment that Ford immediately pay all future pension benefits to her.  Also before the Court is Ford's motion for judgment on the grounds that Young is not the proper beneficiary and Ford has no obligation to pay her.  For the reasons that follow, Ford's motion will be granted and Young's motion will be denied.  As will be explained, plaintiff's remedy lies with an action in state court against Anderson relative to the constructive trust.

## II.  Background

The decedent was a union-represented hourly employee of Ford for thirty-one years.  As part of his employment, he was a participant in the Ford-UAW Retirement Plan (Plan), governed by ERISA.  On March 3, 2007, Young applied for retirement benefits.  On the application, he designated his brother, Anderson, as his "Optional 100% Surviving Beneficiary."  The application explains in part that:

> **Optional 100% Surviving Beneficiary Method** provides a reduced monthly pension benefit payable for your lifetime.  Upon your death, your surviving beneficiary (if non-spouse) would receive up to 100% of your reduced benefit for his or her lifetime.  **This method is irrevocable**.  Once you make this election, you cannot change it for any reason, even if your beneficiary dies before you.

Ford's Ex. A (emphasis in original).

Days later, on March 12, 2007, the decedent died.  Based on the Plan

2

documents, i.e. the application, Ford began paying monthly pension survivorship benefits to Anderson.  The amount of the benefit is $1377.63 per month.

At some point thereafter, the decedent's estate went though probate.  Young filed a First Amended Petition to Determine Title to Life Insurance Policy Proceeds and Other Personal Property, apparently alleging that Anderson exerted undue influence on decedent regarding decedent's property.  The probate court held a trial on the petition.

On January 22, 2008, the probate court issued an order which states in pertinent part:

> IT IS ORDERED AND ADJUDGED that [Anderson] is hereby deemed to have been acting in the capacity of the trustee of the decedent at the time he transferred title to himself, and designated himself as sole beneficiary of the following assets:
> ...
> (b) The Ford-UAW lifetime monthly pension benefit payable to the decedent's surviving beneficiary in the monthly amount of $1377.63 per month;
> ...
> IT IS FURTHER ORDERED AND ADJUDGED that the sole beneficiary of the above listed property and assets held in constructive trust by [Anderson] are awarded too [sic] and shall be payable too [sic] and transferred to [Young] as the sole beneficiary of the above listed assets and property . . .

Armed with this order, on March 19, 2008, Young's counsel wrote to Ford to request that Ford cease paying benefits to Anderson and instead make payments to Young.

Ford responded by letter stating that the "beneficiary designation on file is Terrance Anderson.  Accordingly, the Retirement Plan will be required under ERISA to pay Terrance Anderson the monthly contingent Annuitant Benefit[.]."  Ford has continued to pay the benefits to Anderson.

Young then filed the instant action.

3

III.  Legal Standard

Young moves for summary judgment under Fed. R. Civ. P. 56.  Ford, however, says that because Young is seeking benefits under an ERISA plan, the procedures resolving benefit decisions under ERISA controls.  The Court agrees with Ford.  Although Young failed to cite the specific section of ERISA in her complaint, she did state that jurisdiction was premised on ERISA.  Compl. at ¶ 1.  It is clear that Young is making a claim for entitlement to benefits due under an ERISA plan.  As such, her claim falls within the purview of 29 U.S.C. § 1132(a)(1)(b).  The "Supreme Court has explained that a suit by a beneficiary to recover benefits from an ERISA-covered plan 'falls directly under [§ 1132(a)(1)(b)], which provides a federal cause of action for resolution of such disputes.'"  Tinsely v. General Motors, 227 F.3d 700, 704 (6th Cir. 2000) (quoting Met. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63).

Summary judgment procedures are inappropriate for ERISA actions involving disputed benefit awards and should not be used in their disposition.  Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring).  Instead, the court treats the parties' summary judgment motions as motions for judgment, conducting a review based solely upon the administrative record.  Marchetti v. Sun Life Assurance Co. of Canada, 1998 WL 907987 (M.D. Tenn.1998).

The record is to be reviewed de novo unless the benefit plan gives the administrator authority to determine eligibility for benefits or to construe the terms of the plan.  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  A plan that gives authority to an administrator in either of these areas will be reviewed instead, under an arbitrary and capricious standard. If a plan gives discretion to an administrator

who is operating under a conflict of interest, that conflict must be weighed as a "factor in determining whether there is an abuse of discretion." Firestone, 489 U.S. at 115, 109 S.Ct. 948.

Here, the Plan vests discretion in Ford's administrator (the Board) to interpret the plan language and determine benefit eligibility, proving in relevant part:

> The Board shall have jurisdiction to pass upon all questions concerning the application or interpretation of the provisions of the Plan which it is empowered to administer.  The Board shall decide all such questions in accordance with the terms of the Plan, and all such decisions of the Board shall be final and binding upon the Company, the Union, the employees, and the beneficiaries or claimants under the Plan **subject to the arbitrary and capricious standard of judicial review**.

Ford's Ex. B at p. 132 (emphasis added).

Thus, the Court will examine Ford's decision to deny Young's claim for benefits under the arbitrary and capricious standard.

## IV.  Analysis

Importantly, ERISA requires plan administrators to discharge their duties "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a) (1)(D).  Where the documents and instruments governing the plan provide for the designation of beneficiaries, those provisions control.  McMillan v. Parrott, 913 F.2d 310, 311-12 (6th Cir.1990).  The Supreme Court's recent decision in Kennedy v. Plan Administrator for DuPont Savings and Investment Plan, 555 U.S. ----, 129 S. Ct. 865 (Jan. 26, 2009) reinforced the longstanding "plan documents rule" and reiterated the numerous reasons why it remains a bedrock principle of ERISA. "ERISA requires 'every employee benefit plan [to] be established pursuant to a written instrument,' 29 U.S.C. § 1102(a)(1), 'specifying the basis on which payments are made to and from the plan,' §

1102(b)(4)." 129 S.Ct. at. 875. Under the plan documents rule, payments from the plan are to be made in accordance with the plan documents. Id. The Supreme Court also stressed the importance of "holding the line" and not "blur[ring] the bright-line requirement to follow plan documents in distributing benefits." Id. at 876. The Supreme Court noted that "the cost of less certain rules would be too plain. Plan administrators would be forced "to examine a multitude of external documents that might purport to affect the dispensation of benefits," Id. (quoting Altobelli v. IBM Corp., 77 F.3d 78, 82-83 (4th Cir. 1996) (Wilkinson, C. J., dissenting)).

Here, the relevant Plan document, the application, clearly designates Anderson as the beneficiary. There is nothing in the document to indicate any error of any kind. Ford is therefore entitled to rely on the application. Ford's decision to pay Anderson is correct under the plan documents rule and was not arbitrary or capricious.

As to the effect of the probate court order, it is important to note that it does not direct Ford to pay benefits to Young, as Ford contends. Rather, it states that the benefit is being held by Anderson, in constructive trust, for the benefit of Young. That is, the probate court order directs Anderson, not Ford, to turn over the benefits he receives from Ford to Young. There is no need to determine whether the probate court order preempts ERISA because it simply does not direct Ford to make any payments whatsoever regarding the benefits.

Moreover, as Ford points out, if the Court were to conclude that Anderson was not the proper beneficiary, Young would not be automatically entitled to the benefits. Under the Plan, there is no automatic or default beneficiary. Rather, an unmarried participant, like decedent, is required to make an election of a surviving beneficiary. If

no election is made, no benefits are paid.  Similarly, if the Board rejects the election, the election is void and no benefits are paid.  See Ford's Ex. C at p. 164.  Thus, even assuming that Anderson exerted undue influence over the decedent in making the election, no benefits would be paid to either Anderson or Young.

At the end of the day, Young's recovery lies against Anderson, not Ford.  Anderson is directed by the probate court order to pay the benefits he receives from Ford to Young.  If Anderson is not complying with the probate court order, Young's remedy lies in the state court, not federal court.  This does not appear to run afowl of ERISA.  See Sweebe v. Sweebe, 474 Mich. 151, 156-159, 712 N.W.2d 708, 712-713 (2006) (holding that "while a plan administrator must pay benefits to the named beneficiary as required by ERISA," after the benefits are distributed "the consensual terms of a prior contractual agreement may prevent the named beneficiary from retaining those proceeds").

V.  Conclusion

For the reasons stated above, Ford's motion for judgment is GRANTED.  Young's motion for summary judgment is DENIED.  Young's claim against Ford is DISMISSED.

This leaves Anderson as a defendant.[2]  To the extent that Young makes a claim against Anderson under ERISA, she fails to state a claim because ERISA does not allow for a claim against an individual under these circumstances.  To the extent that Young makes a claim against Anderson under state law, the Court declines to exercise

---

[2]Anderson has appeared and is represented by counsel.  However, Anderson has not filed a dispositive motion.

7

supplemental jurisdiction over such a claim.  As such, Young's ERISA claim against Anderson is DISMISSED; any state law claim is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

                                    s/Avern Cohn  
                                    AVERN COHN  
                                    UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 27, 2009, by electronic and/or ordinary mail.

                                    s/Julie Owens  
                                    Case Manager, (313) 234-5160